**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., PIPKIN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 28, 2022**

# In the Court of Appeals of Georgia

A22A1173. IN THE INTEREST OF E. R., a child.

MILLER, Presiding Judge.

The Juvenile Court of Chatham County adjudicated E. R., a then fourteen-year-old male, delinquent for acts which, if committed by an adult, would constitute the crimes of aggravated assault and various violent and other offenses and then sentenced him pursuant to OCGA § 15-11-2 as a Class B designated felon to 36 months in the custody of the Department of Juvenile Justice, including 18 months in restrictive custody. E. R. appeals, arguing that the officials from the probate office and the trial court failed to provide him with their complete predisposition report at least five days before the dispositional hearing because, at the hearing, they testified that they had changed their recommendation from what was provided in the report.

We affirm because E. R. did not challenge or object on this basis in the trial court, and so this issue is not preserved for appellate review.

According to the factual proffers in this case, law enforcement officers were called to respond to a domestic incident involving E. R., his mother, and his girlfriend. The three were involved in a heated argument over the fact that the girlfriend was breaking up with E. R. E. R.'s mother was in her car with the girlfriend when E. R. approached the vehicle and pointed a firearm at them. While the two were trying to get away, E. R. entered the vehicle and struck his girlfriend in her face. E. R. told the two that, "We will all die in here tonight."

Additionally, in a second reported incident in March 2021, E. R. was handling a gun in the presence of his friend, D. L., when the gun discharged and hit D. L. in the chest, causing him to become permanently paralyzed. In a third reported incident in May 2021, law enforcement found E. R. driving a stolen moped while unlicensed. Finally, in a fourth incident which occurred in May 2021, E. R. broke into a residence and stole a firearm.

The State filed four separate delinquency petitions against E. R., collectively charging him with first degree burglary (OCGA § 16-7-1 (b)), aggravated assault (OCGA § 16-5-21), false imprisonment (OCGA § 16-5-41), possession of a handgun

by a minor (OCGA § 16-11-132 (b)), battery (OCGA § 16-5-23.1), simple battery (OCGA § 16-5-23), obstruction of an officer (OCGA § 16-10-24 (a)), two counts of terroristic threats (OCGA § 16-11-37 (b)), theft by receiving stolen property (OCGA § 16-8-7), driving without a license (OCGA § 40-5-20 (a)), a second count of possession of a handgun by a minor (OCGA § 16-11-132 (b)), and reckless conduct (OCGA § 16-5-60 (b)). Pursuant to a plea agreement, the State dismissed one of the counts for terroristic threats and the counts of false imprisonment, simple battery, obstruction of an officer, and burglary, and E. R. admitted guilt to the remaining offenses.

A separate disposition hearing was scheduled for July 2, 2021. Before the hearing, E. R.'s intake officer prepared a social history report pursuant to OCGA § 15-11-590, which was filed on June 23, 2021. In the report, the intake officer concluded that E. R. was a "high-risk youth" and recommended a sentence of two years of probation with numerous restrictions.

At the disposition hearing, E. R.'s intake officer testified that she was "torn" about her recommendation of probation because the Georgia Juvenile Justice's dispositional matrix would recommend that E. R. be committed into restrictive custody based on his history and the severity of the crimes he committed. After

3

considering the report and the recommendation contained therein, the trial court ordered that E. R. be committed to DJJ's custody and then asked the parties for their input as to an appropriate amount of time. At that time, the State recommended that E. R. be placed in restrictive custody with DJJ for 18 months. E. R. argued that he should be placed in a group home or other less-restrictive facility. At the conclusion of the hearing, and upon considering the arguments of counsel, the trial court sentenced E. R. as a Class B designated felon under OCGA § 15-11-2 (13) (A) (ii) and sentenced him to 36 months in DJJ custody, with 18 months to be spent in restrictive custody. This appeal followed.

In his sole argument on appeal, E. R. claims that his disposition must be overturned because, during the disposition hearing, the intake officer changed her recommendation from what she recommended in the predisposition report. E. R. notes that he has a statutory right under OCGA § 15-11-109 (f) to receive the predisposition report at least five days prior to the disposition hearing, and he contends that the intake officer's change in recommendation caught him by surprise and violated his right to due process.

E. R., however, failed to object or raise any challenge to the allegedly changed recommendation before the juvenile court, nor did he move for a continuance to

obtain more time to review the allegedly new recommendation. "As this is a court for the correction of errors, we will not consider any issues raised on appeal that were not raised and preserved in the trial court." (Citation omitted.) *In the Interest of A. A.*, 253 Ga. App. 858, 862 (2) (560 SE2d 763) (2002). Similarly, to the extent that E. R. alleges that his due process rights were violated, "[a] constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there. Contentions regarding a constitutional issue which were not made below are thus not passed upon here." (Citation omitted.) Id. at 862 (3). Because the record does not show that these issues were appropriately raised below, we affirm the trial court's adjudication and disposition of this matter.

*Judgment affirmed. Rickman, C. J., and Pipkin, J., concur.*